UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE ROYCE WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>F. BRANT, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:22-cv-01293-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S SECOND APPLICATION TO PROCEED IN *FORMA PAUPERIS* AND DENYING HIS FIRST AND HIS MOTION FOR EXTENSION OF TIME AS MOOT<br><br>ECF Nos. 5, 6, & 7<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>　(1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL OF CLAIMS OR PARTIES, OR<br><br>　(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

　　　Plaintiff, a state prisoner, brings this claim against several defendants employed at Mule Creek State Prison. ECF No. 1 at 2. I have screened the complaint and determined that the complaint contains multiple, unrelated claims against more than one defendant. I will grant

plaintiff an opportunity to amend and to narrow his/her[1] claims before recommending dismissal of claims or parties.  Additionally, I will grant his/her second application to proceed *in forma pauperis*, ECF No. 6, and deny as moot the first and the motion for extension of time to file an application, ECF Nos. 5 & 9.

**Screening Order**

**I.       Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

---

[1] Plaintiff alleges that he/she is gender fluid, and this is the pronoun convention used in the complaint.  ECF No. 1 at 4.

However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Analysis

Plaintiff raises at least two unrelated claims against multiple defendants.  First, he/she alleges that, in 2020, defendants Bryant and Chili failed to protect him/her from an assault by other inmates.  ECF No. 1 at 5-6.  Second, he/she alleges that, in 2022, several defendants, including Byrd, failed to adequately address his/her safety concerns.  *Id.* at 11.  These claims, proceeding against different defendants and separated by significant time, are factually distinct and cannot proceed together.  Multiple, unrelated claims against more than one defendant belong in separate lawsuits. See Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Plaintiff may amend his/her complaint to include only related claims.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that claims or parties be dismissed.

Accordingly, it is ORDERED that:

1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 6, is GRANTED and his/her first application and motion for extension of time, ECF Nos. 5 & 7, are DENIED as moot.

2.  Within thirty days from the service of this order, plaintiff must either file an Amended

Complaint or advise the court he/she wishes to stand by his/her current complaint. If he/she selects the latter option, I will recommend that claims or parties be dismissed.

    3. Failure to comply with this order may result in the dismissal of this action.

    4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    October 4, 2022                             /s/ Jeremy Peterson
                                                          JEREMY D. PETERSON
                                                          UNITED STATES MAGISTRATE JUDGE