1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIE ROYCE WILLIAMS,                    Case No.  2:22-cv-1293-JDP (P)

12                  Plaintiff,

13          v.                                 ORDER; FINDINGS AND
                                               RECOMMENDATIONS
14   F. BRYANT,

15                  Defendant.

16   _____

17          This action proceeds on plaintiff's first amended complaint, filed January 3, 2023.  ECF

18   No. 12.  The court issued the discovery and scheduling order on September 27, 2023.  ECF No.

19   30.  In that order, the court set March 22, 2024, as the deadline for plaintiff to file an amended

20   complaint.  *Id.* at 5.  The court also set August 23, 2024, as the deadline for dispositive motions.

21   *Id.*

22          On August 2, 2024, defendant filed a motion for summary judgment.  ECF No. 33.

23   Plaintiff did not file a timely opposition or statement of non-opposition, therefore, on October 11,

24   2024, the court issued an order to show cause for plaintiff's failure to file a response.  ECF No.

25   35.  Plaintiff filed a motion for appointment of counsel, a response to the order to show cause, and

26   what appears to be a proposed amended complaint.  ECF No. 36.  In light of plaintiff's filing,

27   defendant has filed a motion to strike the proposed amended complaint.  ECF No. 37.

28          I construe plaintiff's filing as a motion to amend and recommend that it be denied.  I also

                                               1

1  will deny plaintiff's motion for appointment of counsel and recommend that defendant's motion

2  to strike be denied as unnecessary.  Plaintiff is granted thirty days to file either an opposition or a

3  statement of non-opposition to defendant's motion.  Should plaintiff fail to comply with this

4  order, the court will recommend that this action be dismissed.

5  **Motion to Amend**

6     Rule 15(a)(2) directs that a court "should freely give leave [to amend a complaint] when

7  justice so requires."  Courts should generally be liberal in allowing a party to amend.  *Sonoma*

8  *Cnty. Ass'n of Retired Emples. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).  Leave to

9  amend should be denied only where there is strong evidence of "undue delay, bad faith or dilatory

10  motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

11  allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or]

12  futility of amendment . . . .  *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alteration in

13  original).  Of these elements, the prejudice to the opposing parties is assigned the greatest weight.

14  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

15     Plaintiff states that on July 14, 2024, he attempted to take his own life due to deaths in his

16  family.  ECF No. 36 at 1.  He explains that because he was not in the "right frame of mind," he

17  was unable to respond to court orders.  *Id.*  While the court is sympathetic to plaintiff's struggles,

18  plaintiff has not explained how the episode in July prevented him filing an amended complaint

19  before the March deadline.  Because the deadline to amend has passed and plaintiff has failed to

20  provide good cause for missing the deadline, plaintiff's motion to amend should be denied.  *See*

21  *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985)

22  (noting that a court may deny as untimely a motion filed after the scheduling order cut-off date

23  where no request to modify the order has been made); *Johnson v. Mammoth Recreations, Inc.*,

24  975 F.2d 604, 608-09 (9th Cir. 1992) (finding no reason to deviate from approach of denying

25  motion to amend complaint filed after the scheduling order cut-off date as untimely even if the

26  plaintiff's motion to amend complaint were treated as a motion to amend scheduling order).

27

28

1

**Motion for Counsel**

2        The court does not find that appointment of counsel is warranted.  District courts lack

3   authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v.*

4   *United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may

5   request an attorney to voluntarily represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1).  *Terrell*

6   *v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36

7   (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must

8   consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to

9   articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v.*

10   *Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to

11   appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  *Id.*

12   Circumstances common to most prisoners, such as lack of legal education and limited law library

13   access, do not establish exceptional circumstances that warrant a request for voluntary assistance

14   of counsel.

15        Having considered the factors under *Palmer*, the court finds that plaintiff has failed to

16   meet his burden of demonstrating exceptional circumstances warranting the appointment of

17   counsel at this time.

18

**Motion to Strike**

19        In light of the recommendation that plaintiff's motion to amend be denied, defendant's

20   motion to strike should be denied as moot.

21        Accordingly, it is hereby ORDERED that:

22        1.  The Clerk of Court assign a district judge to this matter;

23        2.  Plaintiff's motion for counsel, ECF No. 36, is denied; and

24        3.  Plaintiff is granted thirty days from the date of this order to file a response to

25   defendant's motion for summary judgment.  Should plaintiff fail to comply with this court order,

26   the court will recommend that this action be dismissed for failure to comply with court orders and

27   failure to prosecute.

28

Further, it is hereby RECOMMENDED that:

1.  Plaintiff's filing at ECF No. 36 be construed as a motion to amend and so construed, be denied;

2.  Defendant's motion to strike, ECF No. 37, be denied as moot; and

3.  That this action be referred back to the assigned magistrate judge for all further pretrial matters.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    December 9, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4