UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE ROYCE WILLIAMS, | Case No. 2:22-cv-1293-DC-JDP (P) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| F. BRYANT, *et al.*, | |
| Defendant. | |

Plaintiff Willie Williams, a transgender pro se state prisoner who uses she/her pronouns, alleges that defendant Sergeant F. Bryant failed to protect her from inmate violence in violation of the Eighth Amendment. ECF No. 12. Defendant moves for summary judgment, arguing that plaintiff failed to exhaust her administrative remedies. ECF No. 33-1. Plaintiff has not opposed defendant's motion.[1] I recommend that defendant's motion for summary judgment be granted.

---

[1] Plaintiff did not file a timely opposition to the motion for summary judgment, prompting the court to issue an order to show cause. ECF No. 35. Instead of opposing the motion for summary judgment, plaintiff: moved for appointment of counsel, responded to the order to show cause, and submitted a proposed second amended complaint. ECF No. 36. I granted plaintiff a thirty-day extension from the date of the order to file a response to defendant's motion for summary judgment, warning plaintiff that failure to comply with the order would result in the action being dismissed for failure to comply and failure to prosecute. ECF No. 38. Plaintiff then moved for a ninety-day extension to file her response. ECF No. 39. I partially granted plaintiff's request, giving her thirty days from the date of the order—December 16, 2024—to file a

1

**Background**

I.   **Plaintiff's Allegations**

According to plaintiff's first amended complaint, at the time of the complained-of events, she was an inmate at Mule Creek State Prison ("MCSP"). ECF No. 12 at 1. On July 22, 2020, while incarcerated there, she notified Bryant that she had a safety concern. *Id.* at 4. Officers took plaintiff to Bryant's office for a "safety/enemy concerns" interview, where she informed Bryant that she feared dying and that multiple inmates had threatened her life. *Id.* She alleges that she gave Bryant specific information and identified at least one inmate who had threatened to kill her. *Id.* According to plaintiff, Bryant responded by stating "just because your [sic] transgender, that doesn't mean you can't fight; get her out of my office." *Id.* The next day, plaintiff was physically assaulted by an inmate she claims to have identified to Bryant the day before. *Id.* at 4.[2]

II.   **Inmate Grievance Process**

MCSP has an administrative grievance process available to all inmates. ECF No. 33-4 at 2. As of June 2020, the administrative grievance process had two levels of review. *Id.* First-level grievances were received and decided by the Office of Grievances ("OOG") at MSCP. *Id.* Second-level grievances were received and decided by the Office of Appeals ("OOA"), located in Sacramento, California. *Id.* The OOA's review of a grievance completed the administrative grievance process and constitutes exhaustion of available administrative remedies. *Id.*; ECF No. 33-5 at 2.

III.   **Plaintiff's Grievances**

Between June 1, 2020, and January 3, 2023, plaintiff filed four non-healthcare-related grievances with MSCP's OOG. ECF No. 33-4 at 2-3, 5, 7-39. Plaintiff filed the first of these on June 8, 2021, complaining of being assaulted by her cellmate on January 5, 2021, and asking to

---

response, and warning her that no other extensions would be granted absent extraordinary circumstances. ECF No. 40. Plaintiff missed this deadline and has yet to make any additional filings.

[2] Plaintiff's operative complaint details the days following the complained-of assault, but those details do not involve Bryant or relate to plaintiff's failure-to-protect claim and her failure to exhaust. *See generally* ECF No. 12 at 5-9. Accordingly, those facts will not be addressed herein.

1 be moved to administrative segregation. *Id.* at 5, 20-26. On June 17, 2021, plaintiff appears to have re-filed the same grievance and supporting documents; I consider this the second grievance. *Compare id.* at 20-26 with *id.* at 7-19. On December 2, 2021, plaintiff filed her third grievance, stating that another inmate attacked her on October 27, 2021, and asking to be moved to a different prison program. *Id.* at 5, 27-34. Nothing in the record indicates that plaintiff appealed the denials of these grievances to the OOA. *See generally id.* at 5-34; *see also* ECF No. 33-5 at 3, 6.

Plaintiff's final grievance, filed April 25, 2022, stated that she had spoken with another correctional officer—somebody other than Bryant—about her safety concerns, but that no one had followed up with her. *Id.* at 5, 35-37. She stated that MCSP officers were failing to protect her and that she wanted an investigation into the prison. *Id.* at 35-37. Plaintiff appealed the denial of this grievance to the OOA, and the OOA denied her appeal. *Id.* at 5; ECF No. 33-5 at 4, 14-18.

**Legal Standard**

**I.     Summary Judgment**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computs., Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. See Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim") (internal quotation marks and citation omitted). The same standards apply to both

1  a motion for summary judgment and a motion for summary adjudication.  *See* Fed. R. Civ. P.
2  56(a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

3  Each party's position must be supported by (1) citations to particular portions of materials
4  in the record, including but not limited to depositions, documents, declarations, or discovery; or
5  (2) argument showing either that the materials cited do not establish the presence or absence of a
6  genuine factual dispute or that the opposing party cannot produce admissible evidence to support
7  its position.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider
8  materials in the record not cited by the parties, but it is not required to do so.  *See* Fed. R. Civ. P.
9  56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also*
10  *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

11  "The moving party initially bears the burden of proving the absence of a genuine issue of
12  material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the
13  moving party must either produce evidence negating an essential element of the nonmoving
14  party's claim or defense or show that the nonmoving party does not have enough evidence of an
15  essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins.*
16  *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this
17  initial burden, the burden then shifts to the non-moving party "to designate specific facts
18  demonstrating the existence of genuine issues for trial."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d
19  376, 387 (citing *Celotex Corp.*, 477 U.S. at 323).  The non-moving party must "show more than
20  the mere existence of a scintilla of evidence."  *Id.* (citing *Anderson*, 477 U.S. at 252).  However,
21  the non-moving party is not required to establish a material issue of fact conclusively in its favor;
22  it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the
23  parties' differing versions of the truth at trial."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*
24  *Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

25  The court must apply standards consistent with Rule 56 to determine whether the moving
26  party has demonstrated there to be no genuine issue of material fact, and that judgment is
27  appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).
28  "[A] court ruling on a motion for summary judgment may not engage in credibility

4

determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

## II.    PLRA Exhaustion

Under the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

To satisfy the PLRA's exhaustion requirement, a plaintiff's administrative appeals must "provide enough information . . . to allow prison officials to take appropriate responsive measures." *Griffin v. Arpaio*, 557 F.3d 1117, 1121 (9th Cir. 2009) (quoting *Johnson v. Testman*, 380 F.3d 691, 697 (2nd Cir. 2004)); *see also Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) ("A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress.").

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 578 U.S. 632, 648 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 639. The Supreme Court has explained when an administrative procedure is unavailable:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. . . . Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. . . . And finally, the same is true when prison

5

administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. . . . [S]uch interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 643-44 (citations omitted); *see also Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies."). If the court concludes that plaintiff has failed to exhaust available remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). *See Jones v. Bock*, 549 U.S. 199, 223-24 (2007); *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

**Analysis**

Defendant argues that plaintiff failed to exhaust her administrative remedies regarding defendant's alleged failure to protect her because she never filed a grievance relating to either her July 22 discussion with defendant or the July 23 attack. ECF No. 33-1 at 4-6. Defendant argues that plaintiff had an administrative grievance process in place that was available during the applicable time period, and that plaintiff failed to avail herself of that grievance process before filing this suit. *Id.* at 5-6. Defendant's contentions are correct.

The record shows that plaintiff filed no grievances related to Bryant, Bryant's failure to protect her, her meeting with Bryant discussing her concerns, or the ultimate attack she suffered on July 23, 2020. *See generally* ECF No. 33-4 & 33-5. MCSP had an available administrative grievance process that plaintiff knew of, considering that she filed four unrelated grievances between June 2020 and January 2023. *See* ECF No. 33-4 at 5. None of these grievances mention the July 23, 2020 attack. *See generally* ECF No. 33-4 & 33-5. And the record does not support the conclusion that MCSP's administrative procedure operated as a dead end, was incapable of use, or was thwarted by prison officials. *See Ross*, 578 U.S. at 643-44. Simply put, plaintiff has failed to exhaust her administrative remedies on this claim.

Accordingly, it is RECOMMENDED that:

1. Defendant's motion for summary judgment, ECF No. 33, be GRANTED.

6

    2.  Plaintiff's claims be DISMISSED without prejudice for failure to exhaust administrative remedies.

    3. The Clerk of Court be directed to close the case.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: February 25, 2025

                JEREMY D. PETERSON
                UNITED STATES MAGISTRATE JUDGE

7